# United States Bankruptcy Court
### Eastern District of California
### Sacramento Division

**VOLUNTARY PETITION**

| Name of Debtor - (If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **Liebenow, Scott** | **Liebenow, Mary** |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| aka SCOTT WILLIAM LIEBENOW<br>dba Deer Creek Heating & Air Conditioning | **None** |

| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): 9724 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): 8619 |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): 26737 Vina Road Vina, CA | Zip Code 96092 | Street Address of Joint Debtor (No. & Street, City, andvState): 26737 Vina Road Vina, CA | Zip Code 96092 |
|---|---|---|---|

| County of Residence or of the Principal Place of Business: Tehama | County of Residence or of the Principal Place of Business: Tehama |
|---|---|

| Mailing Address of Debtor (if different from street address): P.O. Box 171 Vina, CA | Zip Code 96092 | Mailing Address of Joint Debtor (if different from street address): P.O. Box 171 Vina, CA | Zip Code 96092 |
|---|---|---|---|

Location of Principal Assets of Business Debtor: (if different from address listed above)

Zip Code

**Type of Debtor** (Form of Organization)
**(Check one box)**
- [X] Individual (includes joint debtors)
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity: _____

**Nature of Business** (Check all applicable boxes)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)**
- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts (Check one box)**
- [X] Consumer/Non-Business
- [ ] Business

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business under 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee (Check one box)**
- [X] Full filing fee attached
- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B

**Statistical/Administrative Information (Estimates only)**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE FOR COURT USE ONLY**

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

```
2006-23273
FILED
August 24, 2006
1:41 PM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0000546927
```

## Voluntary Petition

(This page must be completed and filed in every case).

**Name of Debtor(s):**

Scott Liebenow and Mary Liebenow

Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheets)

| Location Where Filed: | Case Number | Date Filed |
|---|---|---|
| None | | |

Pending Bankruptcy Case Filed By Any Spouse, Partner Or Affiliate Of This Debtor (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date Filed |
|---|---|---|
| None | | |

| District | Relationship | Judge |
|---|---|---|
| | | |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

**X** /s/Douglas B. Jacobs

Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No

### Certification Concerning Debt Counseling by Individual/Joint Debtor(s)

☒ I/we have received approved budget and credit counseling during the 180-day period preceeding the filing of this petition.

☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue (Check any applicable box)**

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of a Residential Property

*Check all applicable boxes*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

# Voluntary Petition

(This page must be completed and filed in every case).

**Name of Debtor(s):**

Scott Liebenow and Mary Liebenow

## Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 and 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

 **/s/Scott Liebenow**

Signature of Debtor

 **/s/Mary Liebenow**

Signature of Joint Debtor

Telephone Number (If not represented by attorney)
August 10, 2006

Date

## Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

 _____

(Signature of Foreign Representative)

_____

(Printed Name of Foreign Representative)

_____

Date

## Signature of Attorney

 **/s/Douglas B. Jacobs**

Signature of Attorney for Debtor(s)

Douglas B. Jacobs         084153

Printed Name of Attorney for Debtor(s)

Jacobs, Anderson, Potter & Chaplin

Firm Name

20 Independence Circle
Chico, CA 95973

Address

(530) 342-6144         (530) 342-6310

Telephone Number         Fax Number

E-mail: djacobs@jacobsanderson.com

Date

## Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

 _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

## Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer) (Required by 11 U.S.C. § 110)

Address

 _____

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

# United States Bankruptcy Court
### Eastern District of California
### Sacramento Division

In re:  **Scott Liebenow and Mary Liebenow**                    Case No. _____
                                                                         (If Known)

Debtors

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts of all claims from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

|  |  |  | **AMOUNTS SCHEDULED** | | |
| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $150,000.00 | | |
| B - Personal Property | Yes | 4 | $37,007.98 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $156,232.85 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $12,000.00 | |
| F - Creditors Holding Unsecured Non Priority Claims | Yes | 3 | | $144,735.09 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $38,629.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $39,379.73 |
| Total Number of Sheets in All Schedules ⇨ | | 18 | | | |
| Total Assets ⇨ | | | $187,007.98 | | |
| Total Liabilities ⇨ | | | | $312,967.94 | |

**In re:  Scott Liebenow and Mary Liebenow**

Case No.

Chapter  7

**Last four digits of Social Security No.:  9724**
**8619**

Debtors

# SCHEDULE  A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or  "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| REAL PROPERTY LOCATED AT 26737 VINA ROAD VINA, CA (Actual Value: $225,000.00) 3BEDROOM, 2BATH MANUFACTURED HOME ON 32 ACRES OF LAND: 1/3 OF  PROPERTY IS OWNED BY DEBTORS MOTHER | Fee Simple | J | $150,000.00 | $91,232.85 Secured by Real Property |
| above item continued | | | | $65,000.00 BUSINESS TAXES |
| | | Total: | $150,000.00 | |

() continuation sheet(s) attached

**In re:  Scott Liebenow and Mary Liebenow**                                    Case No.

Chapter     7

**Last four digits of Social Security No.:   9724**
Debtors                                8619

# SCHEDULE  B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.   Cash on hand. | X | | | |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BUTTE COMMUNITY BANK PERSONAL CHECKING ACCOUNT XXXXXX8494 | H | $0.00 |
| | | BUTTE COMMUNITY BANK BUSINESS CHECKING ACCOUNT XXXXXX8041 | J | $800.00 |
| | | BUTTE COMMUNITY BANK PERSONAL CHECKING ACCOUNT XXXXXX9376 | J | $0.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | MISC FAMILY APPAREL | J | $200.00 |

_4_      continuation sheet(s) attached

**Last four digits of Social Security No.:**　9724
　　　　　　　　　　　　　　　　　　　　8619

Debtors

# SCHEDULE  B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7.　Furs and jewelry. | X | | | |
| 8.　Firearms and sports, photographic, and other hobby equipment. | | BOW FLEX, FIREARM, BICYCLES | J | $800.00 |
| 9.　Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.　Annuities. Itemize and name each issuer. | | IRA ANUITY PRIME AMERICA SHAREHOLDER SERVICES ACCT #XXXX96002 | W | $796.00 |
| | | IRA ANNUITY PRIME AMERICA SHAREHOLDER SERVICES ACCT #XXXX5879 | H | $780.00 |
| | | IRA ANUITY TRAVELERS LIFE ANNUITY HARTFORD, CT ACCT # XXXX981 | H | $10,200.00 |
| 11.　Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).  Give particulars.  (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c); Rule 1007(b)). | | COSTCO 401K RETIREMENT PLAN BALTIMORE, MD NOT PROPERTY OF THE ESTATE, HERE FOR INFORMATIONAL PURPOSES ONLY. | W | $2,031.98 |
| 12.　Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13.　Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

　3　　continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                    Case No.

                                                               Chapter    7

**Last four digits of Social Security No.:    9724**
                                              8619
Debtors

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |

<u>2</u>    continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                    Case No.

                                                              Chapter      7

**Last four digits of Social Security No.:    9724**
                                              **8619**
Debtors

# SCHEDULE  B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles. | | 1973 CHEVY CAMERO<br>NON OPERATIONAL VEHICLE | J | $0.00 |
| | | 1998 CHEVY TON VAN<br>186,000 MILES<br>POOR CONDITION<br>MAJOR ENGINE REPAIR & BODY REPAIR NEEDED | J | $1,000.00 |
| | | 2000 CHEVY 1-TON TRUCK<br>125,000 MILES<br>FAIR CONDITION | J | $5,000.00 |
| | | 2000 MITSUBISHI MONTERO<br>600 DLS<br>144,000 MILES<br>FAIR CONDITION | J | $5,200.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | | COMPUTER, COPIER AND FAX MACHINE | J | $200.00 |

<u>1</u>     continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                       **Case No.**

                                                             **Chapter**    **7**

**Last four digits of Social Security No.:**   **9724**
                                           **8619**
Debtors

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **29.  Machinery, fixtures, equipment and supplies used in business.** | | SHEET METAL MACHINE | J | $10,000.00 |
| **30.  Inventory.** | X | | | |
| **31.  Animals.** | X | | | |
| **32.  Crops - growing or harvested. Give particulars.** | X | | | |
| **33.  Farming equipment and implements.** | X | | | |
| **34.  Farm supplies, chemicals, and feed.** | X | | | |
| **35.  Other personal property of any kind not already listed. Itemize.** | X | | | |

  0    continuation sheet(s) attached                                 Total  ⇨    $37,007.98

In re: **Scott Liebenow and Mary Liebenow**

Case No.

Chapter    7

**Last four digits of Social Security No.:**  9724
                                              8619

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under    ☐ Check if debtor claims a homestead exemption that exceeds $125,000.

☐ **11 U.S.C. 522(b)(2)**

☒ **11 U.S.C. 522(b)(3)**

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| REAL PROPERTY LOCATED AT 26737 VINA ROAD VINA, CA (Actual Value: $225,000.00) | CCP § 704.730(a)(2) | $75,000.00 | $150,000.00 |
| | | **Claimed By:**     Both | |
| MISC FAMILY APPAREL | CCP § 704.020 | $200.00 | $200.00 |
| | | **Claimed By:**     Both | |
| IRA ANUITY PRIME AMERICA SHAREHOLDER SERVICES | CCP § 704.115 | $796.00 | $796.00 |
| | | **Claimed By:**     Both | |
| IRA ANNUITY PRIME AMERICA SHAREHOLDER SERVICES | CCP § 704.115 | $780.00 | $780.00 |
| | | **Claimed By:**     Both | |
| IRA ANUITY TRAVELERS LIFE ANNUITY | CCP § 704.115 | $10,200.00 | $10,200.00 |
| | | **Claimed By:**     Both | |
| 1998 CHEVY TON VAN 186,000 MILES | CCP § 704.010 | $1,000.00 | $1,000.00 |
| | | **Claimed By:**     Both | |
| 2000 CHEVY 1-TON TRUCK 125,000 MILES | CCP § 704.060(a) | $5,000.00 | $5,000.00 |
| | | **Claimed By:**     Both | |
| 2000 MITSUBISHI MONTERO 600 DLS | CCP § 704.010 | $1,300.00 | $5,200.00 |
| | | **Claimed By:**     Both | |
| COMPUTER, COPIER AND FAX MACHINE | CCP § 704.020 | $200.00 | $200.00 |
| | | **Claimed By:**     Both | |
| SHEET METAL MACHINE | CCP § 704.060(a) | $10,000.00 | $10,000.00 |
| | | **Claimed By:**     Both | |

0    continuation sheet(s) attached

**In re: Scott Liebenow and Mary Liebenow**

Last four digits of Social Security No.:  9724
Debtors                                    8619

Case No.

Chapter  7

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐  **Check this box if debtor has no creditors holding secured claims to report on this Schedule D.**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | HUS., WIFE, JOINT, OR COMM | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **Account No: 0004822593**<br>CITI COPR TRUST BANK<br>P.O. BOX 168648<br>IRVING, TX  75016 | | J | **Date Incurred:**  2/17/2000<br>**Nature of Lien:**  Secured by Real Property<br>**Property:**<br>REAL PROPERTY LOCATED AT 26737 VINA ROAD<br>VINA, CA (Actual Value: $225,000.00)<br><br>**VALUE:  $150,000.00** | | | | $91,232.85 | $0.00 |
| **Account No: DEER CREEK**<br>Internal Revenue Service<br>Bankruptcy Department<br>Fresno, CA  93888 | | J | **Date Incurred:**<br>**Nature of Lien:**  BUSINESS TAXES<br>**Property:**<br>REAL PROPERTY LOCATED AT 26737 VINA ROAD<br>VINA, CA (Actual Value: $225,000.00)<br><br>**VALUE:  $150,000.00** | | | | $65,000.00 | $6,232.85 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| (Total of this page) Subtotal ⇨ | | $156,232.85 |
| Total ⇨ | | $156,232.85 |

  0   continuation sheet(s) attached

**In re: Scott Liebenow and Mary Liebenow**

Case No. _____

Chapter 7

**Last four digits of Social Security No.: 9724**
**8619**

Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place and"X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

Report the total amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITIES (Check the appropiate box(s) below if claims in that category are listed on the attached sheets)**

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

1   continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                    Case No.

                                                               Chapter     7

**Last four digits of Social Security No.:**     9724

Debtors                                          8619

# SCHEDULE  E -  CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

## (Continuation Sheet)

|  |  |  |  |  | Taxes, debts owed to government | | |
|--|--|--|--|--|--|--|--|
| **CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.)** | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | **DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM** | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | **TOTAL AMOUNT OF CLAIM** | **AMOUNT ENTITLED TO PRIORITY** |
| **Account No: LIEBENOW**<br>Internal Revenue Service<br>Bankruptcy Department<br>Fresno, CA  93888 |  | J | **Date Incurred:**<br>**Consideration for Claim:**<br>PERSONAL TAXES |  |  |  | $5,500.00 | $5,500.00 |
| **Account No: DEER CREEK**<br>State of California Franchise Tax Board<br>P.O. Box 942867<br>Sacramento, CA  94267 |  | J | **Date Incurred:**<br>**Consideration for Claim:**<br>BUSINESS TAXES |  |  |  | $6,500.00 | $6,500.00 |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  | (Total of this page) | Subtotal ⇨ | | $12,000.00 | $12,000.00 |
|  |  |  |  |  | Total ⇨ | | $12,000.00 | $12,000.00 |

 0    continuation sheet(s) attached

**In re: Scott Liebenow and Mary Liebenow**  Case No.

Chapter    7

**Last four digits of Social Security No.:**   9724
8619

Debtors

# SCHEDULE  F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m)  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No: 371310497081004<br>American Express<br>P.O. Box 17005 Station M<br>Los Angeles, CA  91010-1354 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $1,940.00 |
| Account No: 4115071644993904<br>Capital One<br>P.O. Box 60024<br>City of Industry, CA  91716-0024 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $2,785.79 |
| Account No: 5291492630934509<br>Capital One<br>P.O. Box 60024<br>City of Industry, CA  91716-0024 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $6,758.00 |
| Account No: DEE001<br>CFM EQUIPMENT<br>1644 MAIN AVENUE, #1<br>SACRAMENTO, CA  95838 | | J | Date Incurred:<br>Consideration for Claim:<br>Unsecured debt | | | | $5,353.34 |
| Account No: 4246311212903758<br>Chase<br>P.O. Box 15145<br>Wilmington, DE  19850 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $13,879.10 |
| Account No: 4266902016442236<br>Chase<br>P.O. Box 15145<br>Wilmington, DE  19850 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $9,300.00 |
| Account No: 5424180348860203<br>CITI CARDS<br>P.O. BOX 6405<br>THE LAKES, NV  88901-6405 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $2,050.00 |

(Total of this page)   Subtotal ⇨   **$42,066.23**

Total ⇨   **N/A**

2   continuation sheet(s) attached

**In re: Scott Liebenow and Mary Liebenow**

Case No.

Chapter 7

Last four digits of Social Security No.: 9724
8619

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No: 4018040150399234<br>Citicards Private Label<br>P.O. Box 20483<br>Kansas City, MO 64195 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $9,614.00 |
| Account No: DEER CREEK HEATING<br>DAN'S ELECTRICAL SUPPLY COMPANY<br>2134 PARK AVENUE<br>CHICO, CA 95928 | | J | Date Incurred:<br>Consideration for Claim:<br>Unsecured debt | | | | $2,804.13 |
| Account No: 4138096001<br>GE CAPITAL COLONIAL PACIFIC<br>P.O. BOX 3083<br>CEDAR RAPIDS, IA 52406-3083 | | J | Date Incurred: 6835.81<br>Consideration for Claim:<br>ChargeAccount | | | | $6,835.81 |
| Account No: 22490<br>HARRISON-DAILEY-WRIGHT<br>590 VALLOMBROSA AVENUE<br>CHICO, CA 95926 | | J | Date Incurred:<br>Consideration for Claim:<br>Unsecured debt | | | | $4,027.54 |
| Account No: DEER100<br>JW WOOD COMPANY<br>P.O. BOX 991600<br>REDDING, CA 96099-1600 | | J | Date Incurred:<br>Consideration for Claim:<br>Unsecured debt | | | | $12,917.53 |
| Account No: 5490-9941-0128-7357<br>MBNA<br>P.O. BOX 15137<br>WILMINGTON, DE 19886-5137 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $9,056.78 |
| Account No: 74923015178928<br>MBNA<br>P.O. BOX 15137<br>WILMINGTON, DE 19886-5137 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $12,576.67 |
| Account No: 7001157001226572<br>RETAIL SERVICES<br>BEST BUY<br>P.O. BOX 60148<br>CITY OF INDUSTRY, CA 91716 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $3,200.00 |

(Total of this page) Subtotal ⇨ | $61,032.46

Total ⇨ | N/A

1    continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                    Case No.

                                                    Chapter      7

**Last four digits of Social Security No.:**      9724
                                                  8619
Debtors
# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No: 7001191900249583**<br>RETAIL SERVICES<br>BEST BUY<br>P.O. BOX 60148<br>CITY OF INDUSTRY, CA  91716 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $1,400.00 |
| **Account No: DEER CREEK**<br>SBC<br>Payment Center<br>Sacramento, CA  95887-0001 | | J | Date Incurred:<br>Consideration for Claim:<br>Unsecured debt | | | | $14,962.00 |
| **Account No: 652380536**<br>Shell<br>p.O. Box 6003<br>Hagerstown, MD  21747 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $813.72 |
| **Account No: 730221**<br>TRANSWETERN PUBLISHING<br>P.O. BOX 513236<br>LOS ANGELES, CA  90051-1236 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $1,044.57 |
| **Account No: 5467020004167543**<br>Union Plus<br>P.O. Box 60102<br>City of Industry, CA  91716 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $5,170.00 |
| **Account No: 89386395**<br>VALERO MARKETING & SUPPLY COMPANY<br>P.O. BOX 300<br>AMARILLO, TX  79105-0300 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $4,152.58 |
| **Account No: 5490960090062374**<br>Wells Fargo<br>P.O. Box 29704<br>Phoeniz, AZ  85038-9704 | | J | Date Incurred:<br>Consideration for Claim:<br>ChargeAccount | | | | $14,093.53 |
| | | | | | | | |

|  |  |
|---|---|
| (Total of this page)  Subtotal ⇨ | $41,636.40 |
| Total ⇨ | $144,735.09 |

0      continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                         Case No.

                                                                   Chapter    7

**Last four digits of Social Security No.:    9724**
                                              **8619**
Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e. "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

**[X]   Check this box if debtor has no executory contracts or unexpired leases.**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |

0    continuation sheet(s) attached

**In re: Scott Liebenow and Mary Liebenow**                    Case No.

                                                              Chapter    7

**Last four digits of Social Security No.:   9724**

Debtors                                          8619

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight  years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

[X]   **Check this box if debtor has no codebtors.**

| NAME AND ADDRESS OF CODEBTOR. | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

0    continuation sheet(s) attached

In re: **Scott Liebenow and Mary Liebenow**                    Case No. _____

                                                              Chapter    7

**Last four digits of Social Security No.:    9724**
                                              **8619**
Debtors

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | Age |
| Married | SON | 12 |
| | SON | 16 |

### EMPLOYMENT

| | DEBTOR | | SPOUSE |
|---|---|---|---|
| Occupation | BUSINESS OWNER | Occupation | RX TECH |
| Name of Employer | DEER CREEK HEATING AND AIR CONDITIO | Name of Employer | COSTCO WHOLESALE |
| How long employed | 9 years | How long employed | 1 year  6 months |
| Address of Employer | P.O. BOX 171 | Address of Employer | 2100 WHITMAN AVENUE |
| | VINA, CA  96092 | | CHICO, CA  95928 |

| Income:        (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Current monthly gross wages, salary, and commissions (prorate if not paid monthly.) | $0.00 | $3,068.00 |
| 2.  Estimated monthly overtime | $0.00 | $0.00 |
| 3.  SUBTOTAL | $0.00 | $3,068.00 |
| 4.  LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security | $0.00 | $379.17 |
| b.  Insurance | $0.00 | $149.50 |
| c.  Union dues | $0.00 | $0.00 |
| d.  Other (Specify) :     IRA | $0.00 | $182.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $0.00 | $710.67 |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | $0.00 | $2,357.33 |
| 7.  Regular income from operation of business or profession or farm (attach detailed statement) | $36,272.00 | $0.00 |
| 8.  Income from real property | $0.00 | $0.00 |
| 9.  Interest and dividends | $0.00 | $0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11.  Social security or other government assistance (Specify_____) | $0.00 | $0.00 |
| 12.  Pension or retirement income | $0.00 | $0.00 |
| 13.  Other monthly income (Specify) _____ | $0.00 | $0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | $36,272.00 | $0.00 |
| 15.  TOTAL MONTHLY INCOME | $36,272.00 | $2,357.33 |
| 16.  TOTAL COMBINED MONTHLY INCOME | | $38,629.33 |

(Report also on Summary of Schedules)

1        continuation sheet(s) attached

In re:  **Scott Liebenow and Mary Liebenow**                    Case No.

                                                                Chapter     7

        **Last four digits of Social Security No.:**    **9724**

        Debtors                                         **8619**

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

## (Continuation Sheet)

17.  **Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:**

    None

In re:  **Scott Liebenow and Mary Liebenow**                    **Case No.**

                                                                   **Chapter    7**

**Last four digits of Social Security No.:  9724**
                                        **8619**
Debtors

# SCHEDULE  J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $1,070.00 |
|    a. Are real estate taxes included?   Yes _____  No  **X** | | |
|    b. Is property insurance included?   Yes _____  No  **X** | | |
| 2. Utilities:  a. Electricity and heating fue | | $250.00 |
|          b. Water and sewer | | $0.00 |
|          c. Telephone | | $55.00 |
|          d. Other :   GARBAGE | | $15.49 |
| 3. Home maintenance (repairs and upkeep) | | $50.00 |
| 4. Food | | $1,200.00 |
| 5. Clothing | | $20.00 |
| 6. Laundry and dry cleaning | | $40.00 |
| 7. Medical and dental expenses | | $100.00 |
| 8. Transportation (not including car payments) | | $150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $0.00 |
| 10. Charitable contributions | | $0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|      a. Homeowner's or renter's | | $92.25 |
|      b. Life | | $0.00 |
|      c. Health | | $200.00 |
|      d. Auto | | $0.00 |
|      e. Other | | $0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      Specify :   PROPERTY TAXES | | $112.50 |
| 13. Installment payments: (In Chapter 11, 12 and 13 cases, do not list payments to be included in the pla | | |
|      a. Auto | | $0.00 |
|      b. Other | | $0.00 |
| 14. Alimony, maintenance, and support paid to others | | $0.00 |
| 15. Payments for support of additional dependents not living at your home | | $0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $36,024.49 |
| 17. Other : | | $0.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $39,379.73 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

   None

20. STATEMENT OF NET MONTHLY INCOME

| | |
|---|---:|
|    a. Total monthly income from Line 16 of Schedule I | $38,629.33 |
|    b. Total monthly expenses from Line 18 above | $39,379.73 |
|    c. Monthly net income (a. minus b.) | ($750.40) |

0()   continuation sheet(s) attached

In re:  **Scott Liebenow and Mary Liebenow**

**Last four digits of Social Security No.:**  9724

Debtors
8619

Case No.

Chapter   7

# ATTACHMENT TO SCHEDULE  J
# BUSINESS INCOME AND EXPENDITURES

**Source:**    DEER CREEK HEATING AND AIR CONDITIONING

**Ownership:**    Debtor 100%

## CURRENT MONTHLY BUSINESS INCOME

| | |
|---|---|
| **Total:** | $36,272.00 |

## CURRENT MONTHLY BUSINESS EXPENSES

| | | |
|---|---|---|
| 1. | Repair/Upkeep | $100.00 |
| 2. | Utilities | $574.00 |
| 3. | Taxes | |
| | *Self-employment Taxes* | $651.00 |
| | *Arrears* | $500.00 |
| 4. | Advertising | $2,075.08 |
| 5. | Office Expenses | $483.00 |
| 6. | Supplies and Materials | $1,873.00 |
| 7. | Travel and Entertainment | $100.00 |
| 8. | Production Costs | |
| | *COST OF GOODS SOLD* | $23,322.25 |
| 9. | Other Expenses | |
| | *RETURNS* | $101.75 |
| | *CONTINUING EDUCATION* | $84.00 |
| | *License and Permits* | $227.00 |
| | *Misc* | $1,223.00 |
| | *Outside Service* | $301.00 |
| | *Legal & Professional Services* | $1,144.25 |
| 10. | Maintenance of Equipment | $763.00 |
| 11. | Dues and Publications | $50.25 |
| 12. | Depreciation | $484.00 |
| 13. | Insurance | |
| | *Business Insurance* | $0.00 |
| | *Vehicle Expenses* | $1,967.91 |
| **Total Current Monthly Expenses** | | $36,024.49 |
| **Excess of Income Over Expenses** | | $247.51 |

continuation sheet(s) attached

**Eastern District of California**
**Sacramento Division**

In re: **Scott Liebenow and Mary Liebenow**                    **Case No. _____**

## Statement Of Financial Affairs

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address or a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child.".  See 11 U.S.C. § 112; Fed R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"IN BUSINESS." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"INSIDER." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

| None | **1. Income from employment or operation of business** |
|---|---|
| [ ] | State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

|   | **Amount** | **Source (if more than one)** | **Year** | **Fiscal Year** |
|---|---|---|---|---|
| J | $69,302.00 | SELF EMPLOYMENT | 2004 | 2004 |
| J | $30,764.00 | SELF EMPLOYMENT | 2003 | 2003 |
| W | $15,800.00 | COSTCO WHOLESALE | 2006 | 2006 |

| | | | | |
|---|---|---|---|---|
| W | $5,941.00 | RITE AID CORP | 2005 | 2005 |
| W | $29,808.00 | COSTCO WHOLESALE | 2005 | 2006 |

**None**
**[X]**

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Amount** | **Source (if more than one)** | **Year** |
|---|---|---|

**3. Payments to creditors**

*Complete A. or B., as appropriate, and C.*

**None**
**[X]**

A. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor** | **Dates of Payments** | **Amount Paid** | **Amount Still Owing** |
|---|---|---|---|

**None**
**[X]**

B. *Debtors whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor** | **Dates of Payments / Transfers** | **Amount Paid or Value of Transfers** | **Amount Still Owing** |
|---|---|---|---|

**None**
**[X]**

C. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor and Relationship to Debtor** | **Date of Payment** | **Amount Paid** | **Amount Still Owing** |
|---|---|---|---|

**None**
**[X]**

**4. Suits and administrative proceedings, executions, garnishments and attachments**

A. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|

**None**
**[X]**

B. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

**None**
**[X]**

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

**None**
**[X]**

**6. Assignments and receiverships**

A. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|

**None**
**[X]**

B. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court, Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|

**None**
**[X]**

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

---

**None**
**[X]**

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, If Loss was Covered in Whole or in Part By Insurance, Give Particulars | Date Of Loss |
|---|---|---|

---

**None**
**[ ]**

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| CONSUMER CREDIT COUNSELORS OF THE TWIN C 718-B BRIDGE STREET YUBA CITY, CA 95973 | SCOTT LIEBENOW | $100.00 |
| Douglas B. Jacobs 20 Independence Circle Chico, CA 95973 | 5/26/2006 SCOTT LIEBENOW | $2,701.00 |

---

**None**
**[X]**

**10. Other transfers**

A. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
| --- | --- | --- |

**None**
**[X]**

B. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
| --- | --- | --- |

**None**
**[X]**

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type and Number of Account and Amount of Final Balance | Amount and Date of Sale or Closing |
| --- | --- | --- |

**None**
**[X]**

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Name and Addresses of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
| --- | --- | --- | --- |

**None**
**[X]**

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
| --- | --- | --- |

---

**None**
**[X]**

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
| --- | --- | --- |

---

**None**
**[X]**

**15. Prior address of debtor**

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name Used | Dates of Occupancy |
| --- | --- | --- |

---

**None**
**[X]**

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**Name**

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

| None<br>[X] | A. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law: |
|---|---|

| Site Name and<br>Address | Name and Address of<br>Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

| None<br>[X] | B. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice. |
|---|---|

| Site Name and<br>Address | Name and Address of<br>Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

| None<br>[X] | C. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|

| Name and Address of<br>Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

**None**
**[ ]**

### 18. Nature, location and name of business

A. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full-time or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| Name | Last Four Digits of Soc. Sec. No./ Complete EIN or Other Taxpayer I.D. No. | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| DEER CREEK HEATING AND AIR CONDITIONING | | P.O. BOX 171 VINA, CA 96092 | HEATING & AIR CONDITIONING | |

None
[X]

B. Identify any business listed in response to subdivision A., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**Name**                                  **Address**

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time.

_(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)_

_____

None
[ ]

**19. Books, records and financial statements**

A. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**Name and Address**                      **Dates Services Rendered**
HARRISON - DAILEY-WRIGHT
590 VALLOMBROSA AVENUE
CHICO, CA 95926

SCOTT LIEBENOW
P.O. BOX 171
VINA, CA 96092

_____

None
[X]

B. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**Name**                **Address**                **Dates Services Rendered**

_____

None
[ ]

C. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**Name**                                  **Address**
SCOTT LIEBENOW                            P.O. BOX 171
                                          VINA, CA 96092

_____

None
[ ]

D. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within **two years** immediately preceding the commencement of this case by the debtor.

**Name and Address**       **Date Issued**

SCOTT LIEBENOW
P.O. BOX 171
VINA, CA 96092

___

None
[X]

**20. Inventories**
A. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| **Date of Inventory** | **Inventory Supervisor** | **Dollar Amount of Inventory**<br>(Specify cost, market or other basis) |
| --- | --- | --- |

___

None
[X]

B. List the name and address of the person having possession of the records of each of the two inventories reported in A, above.

| **Date of Inventory** | **Name and Address of Custodian of Inventory Records** |
| --- | --- |

___

None
[X]

**21. Current Partners, Officers, Directors, Shareholders**
A. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| **Name and Address** | **Nature of Interest** | **Percentage of Interest** |
| --- | --- | --- |

___

None
[X]

B. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| **Name and Address** | **Title** | **Nature and Percentage of<br>Stock Ownership** |
| --- | --- | --- |

___

None
[X]

**22. Former Partners, Officers, Directors, and Shareholders**
A. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| **Name** | **Address** | **Date of Withdrawal** |
| --- | --- | --- |

___

None
[X]

B. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| **Name and Address** | **Title** | **Date of Termination** |
| --- | --- | --- |

___

**None**
**[X]**

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and Value of Property |
|---|---|---|

**None**
**[X]**

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six-years** immediately preceding the commencement of the case.

| Name of Parent Corporation | Taxpayer Identification Number |
|---|---|

**None**
**[X]**

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of the case.

| Name of Pension Fund | Taxpayer Identification Number |
|---|---|

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date _____     /s/Scott Liebenow _____
                                          Signature of Debtor
                                          Scott Liebenow


Date _____     /s/Mary Liebenow _____
                                          Signature of Joint Debtor, (if any)
                                          Mary Liebenow

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____     Signature _____

                                 Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

_____

DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer                       Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.

Form 7. Statement of Financial Affairs

# United States Bankruptcy Court
## Eastern District of California
### Sacramento Division

In re:  **Scott Liebenow and Mary Liebenow**

**Last four digits of Social Security No.:** 9724
Debtors                                        8619

Case No.

Chapter      7

# INDIVIDUAL DEBTOR'S STATEMENT OF INTENTIONS

☒  We have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐  We have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☒  We intend to do the following with respect to the property of the estate which secures those consumer debts:

| Property Securing Debt | | | | | |
|---|---|---|---|---|---|
| Description of Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. §722 | Debt will be reaffirmed pursuant to 11 U.S.C. §524(c) |
| REAL PROPERTY LOCATED AT 26737 VINA VINA, CA (Actual Value: $225,000.00) | CITI COPR TRUST BANK | | | | ☒ |

| Liability Intentions | |
|---|---|
| Creditor's Name | Intention |
| | Reaffirm debt pursuant to § 524(c) |

Date: _____

Signed:  /s/Scott Liebenow
_____
Scott Liebenow

/s/Mary Liebenow
_____
Mary Liebenow

() continuation sheet(s) attached

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER §342 OF THE BANKRUPTCY CODE

_____

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

    1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

    2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

    3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.


## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.


**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____

Print name and title, if any,  of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
(Required by 11 USC § 110)

_____
_____
_____

Address                             Tel . No.

_____          _____

Signature of Bankruptcy Petition Preparer or officer,                    Date
principal, responsible person, or partner whose
Social Security number is provided above.


## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

_____         /s/Scott Liebenow
                                _____          _____
Date                            Signature of Debtor                              Case Number, if
                                Scott Liebenow                                    known

_____         /s/Mary Liebenow
                                _____
Date                            Signature of Joint Debtor
                                Mary Liebenow

In re:                                                                                                    Chapter 7
Scott Liebenow                                                    Case Number: _____
Mary Liebenow
Debtors

**Notice to Clients Who Contemplate Filing Bankruptcy**

The purposes of this Notice and the Statement Mandated by Section 527(b) of the Bankruptcy Code, which you have been provided as a separate document are to make you aware of some of your obligations should you file bankruptcy.

You are notified as follows:

1.      All information that you are required to provide with your bankruptcy petitions and thereafter during your case is required to be complete, accurate, and truthful.

2.      All your assets and all your liabilities are required to be completely and accurately disclosed in the documents filed to commence your case.

3.      The value of each asset which is secured by a lien on such asset must be stated in the documents filed to commence your case as the replacement value of such an asset after reasonable inquiry to establish its value. The replacement value means the replacement value as of the date of the filing of the bankruptcy petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value means the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

4.      After reasonable inquiry you are required to state your current monthly income. Current monthly income is defined in section 101(10A) of the Bankruptcy Code:
   The term "current monthly income"-
   *(A) means the average monthly income from all sources that the debtor received (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6 month period ending on-*
         *(i) the last day of the calendar month immediately preceding the date of the commencement of the case if they debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or*
         *(ii) the date on which current income is determined by the court for purposes of this title of the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and*
   *(B) Includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependant), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism.*

5.      After reasonable inquiry you are required to state the amounts set out in section 707(b)(2)(A) of the Bankruptcy Code. Those amounts are defined as:

   *(ii)      (I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonable necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Nor withstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts. In addition, the debtor's monthly expenses shall include the debtor's reasonable necessary expenses incurred to maintain the safety of the debtor and the family of the debtor from family violence as identified under section 309 of the Family Violence Prevention and Services Act, or other applicable Federal law. The expenses included in the debtor's monthly expenses described in the preceding sentence shall be kept confidential by the court. In addition, if it is demonstrated that it is reasonable and necessary, the debtor's monthly expenses may also include an additional*

*allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards issued by the Internal Revenue Service.*

> *(II) In addition, the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disables household member or member of the debtor's immediate family (including parents, grandparents, siblings, children, and grandchildren of the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case who is not a dependant) and who is unable to pay for such reasonable and necessary expenses.*

> *(III) In addition, for a debtor eligible for chapter 13, the debtor's monthly expenses may include the actual administrative expenses of administering a chapter 13 plan for the district in which the debtor resides, up to an amount of 10 percent of the projected plan payments, as determined under schedules issued by the Executive Office for United States Trustees.*

> *(IV) In addition, the debtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary, and why such expenses are reasonable and necessary, and why such expenses are not already accounted for in the National Standards, Local Standards, or Other Necessary Expenses referred to in subclause (I)*

> *(V) In addition, the debtor's monthly expenses may include an allowance for housing and utilities, in excess of the allowance specified by the Local Standards for housing and utilities issued by the Internal Revenue Service, based on the actual expenses for home energy costs if the debtor provides documentation of such actual expenses and demonstrates that such actual expenses are reasonable and necessary.*

*(iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of*

> *(I) The total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and*

> *(II)Any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;*

*divided by 60.*

*(iv) The debtor's expenses for payment of all priority claims (including priority child support and alimony claims) shall be calculated as the total amount of debts entitles to priority, divided by 60.*

6.    In a case under Chapter 13, after reasonable inquiry, you are required to state your disposable income determined in accordance with section 707(b)(2) of the Bankruptcy Code.  Disposable income is defined in section 1325(b) of the Bankruptcy Code:

> *(2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other then child support payments, foster care payments, of disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonable necessary to be expended for such child) less amounts reasonably necessary to be expended*
> > *(A) (i) For the maintenance or support of the debtor or a dependant of the debtor or for a domestic support obligation, that first becomes payable after the date the petition is files; and*
> > > *(ii) For charitable contributions (the meet the definition of "charitable contribution" under section 548(d)(3)) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and*
> > *(B) If the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.*

> *(3) Amounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than-*
> > *(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;*
> > *(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the*

*applicable State for a family of the same number or fewer individuals; or*
*(C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the*
*applicable State for a family of 4 or fewer individuals, plus $525 per month for each individual in excess of 4.*

7.      Information that you provide during your case may be audited pursuant to the provisions of the Bankruptcy Code.  Your failure to provide information may result in dismissal of your case or other sanctions, including criminal sanctions.

I/we, the debtor(s), hereby acknowledge that I/we have received a copy of the foregoing **"Notice to Clients Who Contemplate Filing Bankruptcy"** and have read and understood its contents.

Date: _____       Signature:    /s/Scott Liebenow _____
                                           Scott Liebenow

Date: _____       Signature:    /s/Mary Liebenow _____
                                           Mary Liebenow

In re:                                                                                    Chapter 7
Scott Liebenow                                        Case Number: _____
Mary Liebenow
Debtors

**Statement Required by Section 527(b) of the Bankruptcy Code**

**IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES**

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

I/we, the debtor(s), hereby acknowledge that I/we have received a copy of the foregoing notice **"Important Information About Bankruptcy Assistance Services"** and have read and understood its contents.

Date: _____        Signature:        /s/Scott Liebenow_____
                                                                Scott Liebenow

Date: _____        Signature:        /s/Mary Liebenow_____
                                                                Mary Liebenow

In re:                                                                                          Chapter 7
Scott Liebenow                                                            Case Number: _____
Mary Liebenow
Debtors

## Disclosure of Compensation of Attorney for Debtor

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept............................................................     $2,701.00
    Prior to the filing of this statement I have received................................................     $2,701.00
    Balance Due...............................................................................................................          $0.00

2.  The source of the compensation paid to me was:
    **[X]** Debtor **[  ]** Other (specify)

3.  The source of compensation to be paid to me is:
    **[X]** Debtor **[  ]** Other (specify)

4.  **[X]** I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5.  In return for the above fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d.  Other:

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    Representation of the debtor(s) in adversary proceeding and other contested bankruptcy proceedings.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date: _____                    /s/Douglas B. Jacobs
                                                      Signature of Attorney
                                                      Douglas B. Jacobs
                                                      Jacobs, Anderson, Potter & Chaplin

# UNITED STATES BANKRUPTCY COURT

### Eastern District of California
### Sacramento Division

In re:                                                                                    Chapter 7

Scott Liebenow                                          Case Number: _____

Mary Liebenow

Debtors

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL/JOINT DEBTOR

We declare under penalty of perjury that we have read the foregoing summary and schedules, consisting of 19 sheets, and that they are true and correct to the best of our knowledge, information and belief.

Date: _____          Signature: /s/Scott Liebenow _____

                                                         Scott Liebenow

Date: _____          Signature: /s/Mary Liebenow _____

                                                         Mary Liebenow

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____

Print or Typed Name of Bankruptcy Petition Preparer          Social Security Number

                                                                              (Required by 11 USC § 110)

_____

_____

Address                                        Tel . No.

_____          _____

Signature of Bankruptcy Petition Preparer          Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, _____, _____ of the _____, named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 19 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature: _____

                                            Name: _____

                                            Title: _____

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

In re:                                                                          Chapter 7

Scott Liebenow                                          Case Number: _____

Mary Liebenow

Debtors

**DECLARATION OF DEBTOR REGARDING ANTICIPATED INCREASES IN INCOME AND EXPENSES WITHIN 12 MONTHS OF PETITION DATE**

I (we), the undersigned debtor(s), declare that I (we) anticipate increases in my (our) income and expenses within 12 months of the petition date in this case as follows.

**Anticipated Increases in Income:**

NONE.

**Anticipated Increases in Expenses:**

NONE.

I (we) declare under penalty of perjury that the foregoing is true and correct to the best of my (our) knowledge.

Date: _____          Signature:    /s/Scott Liebenow_____
                                                              Scott Liebenow

Date: _____          Signature:    /s/Mary Liebenow_____
                                                              Mary Liebenow

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
### Sacramento Division

In re:                                                                          Chapter 7

Scott Liebenow                                              Case Number: _____

Mary Liebenow

Debtors

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*[Complete one of the following statements.]*

[ X ]  I/We, <u>Scott Liebenow and Mary Liebenow</u>. the debtor(s) in the above-
styled case hereby certify that on  Friday, April 28, 2006  I/we completed an instructional
course in personal financial management provided by
CONSUMER CREDIT COUNSELORS OF THE TWIN CITIES ,
an approved personal financial management instruction provider.  If the provider furnished a document
attesting to the completion of the personal financial management instructional course, a copy of that
document is attached.


[    ]  I/We, <u>Scott Liebenow and Mary Liebenow</u>, the debtor(s) in the above-styled
case, hereby certify that no personal financial management course is required because:
*[Check the appropriate box.]*

[    ]    I am/We are incapacitated or disabled, as defined in 11 U.S.C. § 109(h);

[    ]    I am/We are on active military duty in a military combat zone; or

[    ]    I/We reside in a district in which the United States trustee (or bankruptcy administrator) has
determined that the approved instructional courses are not adequate at this time to serve the
additional individuals who would otherwise be required to complete such courses.


Date: _____       Signature:   /s/Scott Liebenow  _____
                                                         Scott Liebenow

Date: _____       Signature:   /s/Mary Liebenow  _____
                                                         Mary Liebenow

In re:                                                          Case Number: _____

**Scott Liebenow**                                                                    Chapter 7

**Mary Liebenow**

Debtors

---

## NOTICE TO DEBTOR CONCERNING BANKRUPTCY PETITION PREPARERS

Bankruptcy petition preparers are non-attorneys who are not authorized to practice law or give legal advice.

**NOTICE IS HEREBY GIVEN** that the Court has issued the attached *Bankruptcy Petition Preparer Guidelines* governing the work performed and fees charged by bankruptcy petition preparers in Eastern District of California cases.

Under the *Guidelines*, a bankruptcy petition preparer must give the debtor a copy of this notice before taking any money or property from the debtor or on behalf of the debtor for payment and before preparing any papers for filing in the bankruptcy court. The debtor and the bankruptcy petition preparer must sign a copy of this Notice in the spaces provided below. A copy must be furnished to the debtor by the bankruptcy petition preparer, and the original plus four copies must be filed with the Bankruptcy Court.

California law prohibits any non-attorney from rendering legal advice. Legal advice includes, but is not limited to, advice concerning the following:

* Whether the debtor should file bankruptcy and the chapter under which the petition should be filed;

* Whether debts will be eliminated, or "discharged," in a bankruptcy case;

* Whether the debtor will be able to keep their home after filing a bankruptcy case;

* The tax consequences of filing a bankruptcy case;

* Whether the debtor should promise to repay, or "reaffirm," a debt; and

* The exemptions available in bankruptcy, and what property can be claimed as exempt.

Unless approved by the court, a bankruptcy petition preparer may not charge the debtor more than $125 for preparing a bankruptcy petition, including expenses (such as photocopies, postage, telephone charges, and courier services). This fee does not include the petition filing fee. The filing fee must be paid directly to the Clerk of Court by the debtor.

The attached *Guidelines* contain additional restrictions. The debtor shall read the *Guidelines* in order to know what the Court requires of bankruptcy petition preparers.

Debtors with questions concerning bankruptcy petition preparers or who believe that the *Guidelines* have been violated, should contact the appropriate Office of the U.S. Trustee (Sacramento: (916) 930-2100; Fresno/Modesto: (559) 498-7400).

FOR THE COURT
RICHARD G. HELTZEL, CLERK
U.S. BANKRUPTCY COURT

## DEBTOR'S CERTIFICATION

I/we, the undersigned, the debtor(s) in the above-captioned case, have read and understand the foregoing information and attached *Guidelines.*

Dated: _____      /s/Scott Liebenow
                                                        _____
                                                        (Debtor's Signature)

Dated: _____      /s/Mary Liebenow
                                                        _____
                                                        (Joint Debtor's Signature)

## BANKRUPTCY PETITION PREPARER'S CERTIFICATION

I, Douglas B. Jacobs, hereby certify under penalty of perjury that I am the bankruptcy petition preparer who has assisted the debtor(s) in filing the above-captioned case.  I have not charged fees in excess of the amount allowed in Guideline 2, nor have I advised the debtor concerning any of the matters referred to in Guideline 1.

Dated: _____      /s/Douglas B. Jacobs
                                                        _____
                                                        (Bankruptcy Petition Preparer's Signature)

                                                        084153
                                                        _____
                                                        (Preparer's Social Security / Tax I.D. No.)
                                                        (Required by 11 U.S.C. § 110)

                                                        Douglas B. Jacobs
                                                        _____
                                                        20 Independence Circle

                                                        Chico, CA 95973

| | |
|---|---|
| **Name:** | Douglas B. Jacobs |
| | Jacobs, Anderson, Potter & Chaplin |
| **Address:** | 20 Independence Circle |
| | Chico, CA 95973 |
| **Telephone:** | (530) 342-6144 |
| **Fax:** | (530) 342-6310 |
| **[ X] Attorney for Debtor** | **Attorney's State Bar I.D. No.:** 084153 |

---

<table>
<tr><td colspan="2" align="center">**UNITED STATES BANKRUPTCY COURT**<br>**Eastern District of California**<br>**Sacramento Division**</td></tr>
<tr>
<td>List all names including trade names, used by Debtor(s) within last 6 years:<br>Scott Liebenow<br>Mary Liebenow</td>
<td>Case No. _____</td>
</tr>
<tr>
<td rowspan="3">Debtor Other Names:     Deer Creek Heating & Air Conditioning<br>                              SCOTT WILLIAM LIEBENOW<br><br>Last four digits of Social Security No.  9724          Debtor<br><br>Last four digits of Social Security No.  8619          Joint Debtor</td>
<td align="center">**NOTICE OF AVAILABLE CHAPTERS**</td>
</tr>
</table>

1.     Section 342(b) of 11 U.S.C. ("The Bankruptcy Code") states:
    "Prior to the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give written notice to such individual that indicates each chapter of this title under which such individual may proceed."

2.     You are eligible to file under Chapter 7, whereby debts are discharged and your non-exempt assets are liquidated by the trustee for the benefit of your creditors.

3.     You are eligible to file under Chapter 11 for debt reorganization upon payment of the additional fee required.

4.     If your noncontingent, liquidated debts are less than $290,525.00 unsecured and $871,550.00 secured (11 U.S.C. §109(e)), you are also eligible to file under Chapter 13 and to use future income to pay all or a portion of your debts.

5.     If you are a family farmer, with a regular annual income, as defined by 11 U.S.C. §101(18) (19), you are eligible to file under Chapter 12.

6.     To determine which chapter to file under, it is recommended that you **consult an attorney**.

CLERK OF COURT

We have read the above "Notice of Available Chapters"

/s/Scott Liebenow _____       Date: _____
Scott Liebenow
Debtor

/s/Mary Liebenow _____       Date: _____
Mary Liebenow
Joint Debtor

**If the Court has previously ordered that you may not file bankruptcy for 180 days or any other period, you may not file bankruptcy without prior leave of the Court.**